IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS E. SHIELDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 09-161-E |

ORDER

AND NOW, this 9th day of September, 2010, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court

1

may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff challenges the determination of the Administrative Law Judge ("ALJ") that he is not disabled, arguing that substantial evidence does not support the ALJ's determinations at Steps 2, 3, 4 and 5 of the sequential evaluation process. See 20 C.F.R. §§ 404.1520 and 416.920.

First, Plaintiff argues that ALJ erred by failing to conclude that Plaintiff had severe cardiovascular and mental impairments. However, Plaintiff fails to point to any record evidence that would support a conclusion that he had any cardiovascular or mental impairment that was "severe." To the contrary, substantial evidence supports the ALJ's conclusion that Plaintiff had no severe cardiovascular or mental impairment. Transcript ("Tr.") at 238, 248, 362. In addition, the ALJ properly concluded that there was no objective evidence that Plaintiff suffered any Transient Ischemic Attacks that would qualify as a neurological impairment. Tr. 181, 238, 240, 247-48, 252, 362.

Second, Plaintiff argues that the ALJ erred in his analysis of whether his severe impairments met one or more of the listed impairments. The ALJ concluded that Plaintiff's impairments did not meet the criteria for one of the Listings found at 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff plainly did not meet his burden of showing that his impairments or combination of impairments, including headaches, met all of the criteria set forth in any of the Listings. See Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). In the absence of this showing, the ALJ is not required to adhere to any set format for conducting his analysis so long as there is "significant development of the record and explanation of findings to permit meaningful judicial review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

Third, Plaintiff argues that the ALJ's determination of Plaintiff's residual functional capacity ("RFC") was not supported by substantial evidence. The Court finds no merit in Plaintiff's argument that the ALJ erroneously concluded that he had the residual functional capacity to engage in a limited amount of light work that was limited to simple, repetitive, routine tasks. Tr. 25, 214; see also 20 C.F.R. § 404.1567(b) (defining "light work"). The record supports the ALJ's conclusion that Plaintiff retained the ability to perform a range of "light work."

Fourth, Plaintiff argues that the ALJ improperly weighed the opinion of Dr. Fernan, a psychologist who examined Plaintiff once, when assessing Plaintiff's RFC. The Court finds the ALJ properly concluded that Dr. Fernan's opinion about "vascular dementia" was not supported by the record and was, in fact, inconsistent with the record. Tr. 29. The ALJ gave proper weight to the opinion of the reviewing physician of the state agency, Dr. Toria, and even gave Plaintiff the benefit of the doubt regarding Dr. Toria's opinion that Plaintiff could perform "medium work." Tr. 25-28. In addition, the ALJ gave proper consideration to Plaintiff's testimony concerning the intensity, persistence and limiting effects of his symptoms, which he found "not credible" to the extent this testimony was inconsistent with the RFC assessment. Tr. 26; 20 C.F.R. § 404.1529.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record